IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AJAY OJHA,<br>400 Massachusetts Avenue, NW<br>Washington, DC 20001,<br><br>     Plaintiff,<br>v.<br><br>ALBERIC AGODIO,<br>12414A Liberty Bridge Rd.<br>Fairfax, VA 22033<br><br>AORE INVESTMENTS, INC.,<br>7272 Wisconsin Avenue<br>Suite 320<br>Bethesda, MD 20814,<br><br>AORE REAL ESTATE<br>INVESTMENT FUND I, L.P.,<br>6701 Democracy Boulevard<br>Suite 300<br>Bethesda, MD 20817,<br><br>AORE GROUP I, LLC,<br>6701 Democracy Boulevard<br>Suite 300<br>Bethesda, MD 20817,<br><br>and<br><br>ONE OR MORE JOHN DOES,<br><br>     Defendants. | Civil Case No: _____ |

## VERIFIED COMPLAINT

Plaintiff, Ajay Ojha, by and through his undersigned counsel, brings this action for monetary damages for breach of contract and fraud.

1

## JURISDICTION AND VENUE

1.   This Court is vested with jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.   The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2.   The unlawful practices alleged herein were committed within the judicial district of the United States District Court for the District of Columbia.   Venue of this action is vested in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Ajay Ojha is an adult resident of the District of Columbia.

4.   Defendant Alberic Agodio is an adult resident of the Commonwealth of Virginia.   He is the founder, incorporator, president, chief executive officer, and/or managing partner of Defendants AORE Investments, Inc., AORE Real Estate Investment Fund I, L.P., and AORE Group I, LLC.   These are closely held companies, with Agodio being in complete control of the operations of his companies.   He is an agent and representative of his companies, and authorized to enter his companies into binding contracts with Ojha and third parties.

5.   Defendant AORE Investments, Inc. is a corporation.   It was incorporated in the State of Maryland on February 4, 2010.

6.   Defendant AORE Group I, LLC is a limited liability company.   It was formed in the State of Maryland on April 1, 2011.

7.   Defendant AORE Real Estate Investment Fund I, L.P. is a partnership.   It was formed in the State of Maryland on April 1, 2011.

8.     One or More John Does are adult individuals, who are residents of Maryland and/or Virginia and involved in the actions complained of herein.

### ADDITIONAL ALLEGATIONS OF FACT FOR ALL CAUSES OF ACTION

9.     Ojha incorporates here all previous paragraphs.

10.    While in the District of Columbia, Ojha was contacted by Agodio.

11.    In or about March of 2011, Agodio asked Ojha to give to Agodio's companies (the Defendant companies named herein) $100,000 so that Agodio's companies could purchase and re-sell distressed residential real estate in Baltimore, Maryland.  Agodio promised that in addition to each of his companies being responsible to repay the $100,000, Agodio too would be jointly and personally liable for repayment of any and all sums of money Ojha gave to Agodio's companies.

12.    To induce Ojha to give Agodio's companies $100,000, in or about March of 2011, Agodio told Ojha that Agodio's companies would pay to Ojha 29% of the profits Agodio's companies made on the re-sale of distressed residential properties in Baltimore, Maryland.

13.    To further induce Ojha to give Agodio's companies $100,000, Agodio told Ojha that Ojha would not lose any money, that Agodio's companies *and* Agodio personally would be responsible to repay Ojha $100,000, and that the $100,000 would be repaid within a few months.

14.    In or about March of 2011, Ojha informed Agodio that if he transferred money from an account to give Agodio's companies the $100,000 requested then Ojha would incur capital gains tax in the amount of $15,000.

15.   To further induce Ojha to give Agodio's companies $100,000, Agodio told Ojha that Agodio and his companies would pay Ojha an additional $15,000 to reimburse Ojha for any capital gains taxes Ojha might incur, with said payment being made within a few months.

16.   In or about March of 2011, Ojha gave to Agodio's companies $100,000 by bank wire transfer.

17.   After Ojha wired the $100,000 to Agodio's companies' bank account, Agodio told Ojha to give to law firm Linowes and Blocher, LLP $10,000, so that Agodio's companies could have a Private Placement Memorandum drafted.   Ojha understood this was necessary in order to ensure the timely payment of the $115,000 now due Ojha, and payment of 29% of the profits Agodio promised would be paid to Ojha.

18.   To induce Ojha to pay $10,000 to the law firm, Agodio told Ojha that Agodio's companies would repay Ojha the $10,000 within a few months and Agodio too would be personally responsible for repayment of this $10,000 sum to Ojha.

19.   Ojha gave to Linowes and Blocher, LLP $10,000, by personal check.

20.   In or about May of 2011, Agodio asked Ojha to permit Agodio and his companies to make charges to Ojha's credit card, so that Agodio and his companies could make purchases related to Agodio's companies' real estate business.

21.   In or about May of 2011, Agodio told Ojha that Agodio and his companies would repay Ojha for any and all charges, interest, and fees resulting from Agodio's and his companies' use of Ojha's credit card.

22.   From in or about May through October of 2011, Ojha permitted Agodio and his companies to make charges to Ojha's credit card.  Agodio repaid some of the charges.

4

However, Agodio and his companies have failed and refused to repay nearly $5,300 in charges, interest, and fees charged to Ojha's credit card by Agodio and his companies.

23.     The time passed when Agodio and his companies were to pay Ojha on each of the four debts described herein: a) the $100,000 debt created in March 2011 when Ojha gave this money to Agodio's companies, with a promise that both Agodio and his companies would be liable for repayment; b) the $15,000 debt created by capital gains tax Ojha incurred in March 2011 when Ojha transferred the $100,000, with a promise that both Agodio and his companies would be liable for repayment; c) the $10,000 debt created when Ojha paid $10,000 to the law firm for the creation of Agodio's companies' Private Placement Memorandum, with a promise that both Agodio and his companies would be liable for repayment; and d) the $5,288 debt created by credit card charges Agodio and his companies made to Ojha's credit card, with a promise that both Agodio and his companies would be liable for repayment.

24.     In October of 2011, Ojha demanded that Agodio and his companies repay Ojha all sums then due and owing, i.e., $130,288.

25.     Agodio told Ojha that neither he nor his companies had the money to make the payments. Agodio requested additional time to pay the debts.

26.     Agodio then offered that he and his companies would both be responsible to pay Ojha $155,288 if Ojha would allow the $130,288 debts then owing and due to be paid in five installments over one year's time.

27.     Neither Agodio nor his companies have made any of the promised payments to Ojha.

28.     In December of 2011, Ojha told Agodio to stop using Ojha's name or image for any purpose, particularly when soliciting money from other persons or entities.

29. Agodio and his companies continue to use Ojha's name and image, particularly when soliciting money from other persons or entities.

30. Ojha did not authorize this and does not want Agodio or any of his companies to use Ojha's name or image for any purpose. Ojha wants this to immediately stop.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

31. Ojha incorporates here all previous paragraphs.

32. A valid enforceable contract exists between Ojha and all of the Defendants.

33. From March through October of 2011, Ojha gave to Defendants a total of $115,288 in exchange for Defendants' promise to repay Ojha $130,288 within a few months and 29% of the profits Defendants earned from the sale of distressed residential real estate in Baltimore.

34. The offer was made to Ojha by Agodio.

35. Agodio made the offer on behalf of himself and his companies, promising to be personally liable for repayment of all amounts paid by Ojha.

36. Ojha accepted the offer and performed his part of the bargain.

37. Defendants have an obligation or duty arising out of this contract to repay Ojha $130,288, and to pay Ojha 29% of the profits from the sale of distressed residential real estate in Baltimore.

38. Defendants have failed to pay Ojha any of the promised $130,288 now owing and due.

39. Defendants breached this contract when they violated their duty to repay Ojha $130,288.

40. Defendants' breach of this contract has deprived Ojha of the benefits of his bargain.

41. As a direct, foreseeable, and proximate result of Defendants' intentional unlawful conduct complained of herein, Ojha suffered injuries, damages and other losses,

including but not limited to, the $130,288 now owing and due Ojha. These injuries, damages and other losses continue into the present and will continue into the foreseeable future.

42.   Ojha requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION: FRAUD

43.   Ojha incorporates here all previous paragraphs.

44.   On behalf of himself and his companies, Agodio knowingly and intentionally repeatedly made false representations of material facts to Ojha. In and after March of 2011, Agodio told Ojha: a) Agodio and his companies would repay $100,000 to Ojha within a few months; b) Agodio and his companies would pay to Ojha 29% of the profits earned on the sale of distressed residential real estate in Baltimore; c) Agodio and his companies would reimburse Ojha the $15,000 in capital gains tax Ojha was required to pay to transfer the $100,000 from his account; d) Agodio and his companies would reimburse Ojha the $10,000 Ojha paid to the law firm to prepare the Private Placement Memorandum within a few months; and e) Agodio and his companies would reimburse Ojha for amounts charged to his credit card.

45.   At the time Agodio knowingly and intentionally made these statements to Ojha, Agodio knew the statements were false representations of material fact.

46.   On behalf of himself and his companies, Agodio knowingly and intentionally made false representations of material fact with the intent to deceive Ojha.

47.   On behalf of himself and his companies, Agodio knowingly and intentionally made false representations of material fact to Ojha with the intent to fraudulently induce Ojha into giving Agodio and his companies over $130,000.

48.     Ojha relied upon Agodio's knowing and intentional false representations of material fact, taking action in reliance thereon, i.e., giving to Agodio's companies over $130,000.

49.     As a direct, foreseeable, and proximate result of Defendants' intentional unlawful conduct complained of herein, Ojha suffered injuries, damages and other losses, including but not limited to, the loss of the $130,288 Ojha gave to Agodio's companies, emotional distress, and reputational harm.

50.     Ojha's injuries, damages and other losses continue into the present and will continue into the foreseeable future.

51.     Because Defendants' fraudulent conduct is egregious, and to deter others from engaging in this type of conduct, punitive damages are warranted in an amount deemed just by the court.

52.     Ojha requests relief as hereinafter provided.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests this honorable Court enter judgment for him on his Complaint against Defendants, and provide the following relief:

A.      An order that Defendants pay, jointly and severally, all damages Plaintiff sustained as a result of Defendants' illegal conduct, including, but not limited to, compensatory damages, general damages, punitive damages, damages to Plaintiff's reputation, plus pre- and post-judgment interest and other statutory penalties;

B.      Costs of action incurred herein, including reasonable attorneys' fees and expert fees to the extent available under federal laws;

C.      Retain jurisdiction over this action to assure full compliance with the Orders of the Court; and

D.      Such other and further legal and equitable relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated this 5th day of January, 2012.

SULTON LAW OFFICES, PLLC

/S/PATRICE A. SULTON

Patrice A. Sulton, Esq.
DC Bar # 990606
601 Pennsylvania Avenue, NW
Suite 900 South
Washington, DC 20004
Telephone: (202) 681-8783
Email: patrice.sulton@sultonlaw.com

**Plaintiff's Attorney**

## VERIFIED

I, Ajay Ojha, hereby verify that I have carefully read this entire complaint, and all of the allegations contained herein are true and correct.

_____          Dated: _5 Jan 12_____
Ajay Ojha