**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| AJAY OJHA<br><br>    Plaintiff,<br>v.<br><br>AORE INVESTMENTS, INC.<br><br>AORE REAL ESTATE<br>INVESTMENTS FUND I, LP<br><br>AORE GROUP I, LLC<br><br>    Defendants. | Civil Action No. 1:12-cv-00009-ESH |

## ANSWER

Defendant Aore Investments, Inc. ("Aore" or "Defendant Aore"), Aore Real Estate Investments Fund I, LP ("Aore Real" or "Defendant Aore Real"), and Defendant Aore Group I, LLC ("Aore Group" or "Defendant Aore Group") (collectively "Defendants"), through counsel, file their Answer in response to Ajay Ojha's ("Ojha" or "Plaintiff") Complaint as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Plaintiff's Verified Complaint.

## JURISDICTION AND VENUE

1.  Paragraph 1 states a legal conclusion to which no response is required. Notwithstanding the foregoing, Defendants admit the allegations set forth in Paragraph 1.

2.  Paragraph 2 states a legal conclusion to which no response is required. Defendants deny Plaintiff's underlying allegation in Paragraph 2 that Defendants committed "unlawful practices."

1

## PARTIES

3. Defendants lack knowledge and information sufficient to either admit or deny the truth of the allegations set forth in Paragraph 3.

4. As to the allegations of Paragraph 4, Defendants admit only that Agodio is an officer, and shareholder or owner, of defendants.

5. Defendant Aore admits the allegation in Paragraph 5 that it is a Maryland corporation.

6. Defendant Aore Real admits the allegation in Paragraph 6 that it is a Maryland limited liability company.

7. Defendant Aore Group admits the allegation in Paragraph 7 that is a partnership.

8. Defendants lack knowledge and information sufficient to either admit or deny the truth of the allegations set forth in Paragraph 8, and therefore Defendants deny the same.

## ADDITIONAL ALLEGATIONS OF FACT
## FOR ALL CAUSES OF ACTION

9. Defendants incorporate the responses to all other paragraphs as if fully restated herein.

10. Defendants admit that the parties contacted each other, in response to the allegations in Paragraph 10.

11. Defendants admit that Ojha invested in Agodio's companies to purchase and re-sell real estate in Baltimore, Maryland. Defendants deny all other allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12 as to inducement but admit that Ojha purchased an equity interest of 29%.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants deny the allegation in Paragraph 14.

15. Defendants deny the allegation in Paragraph 15.

16. Aore admits that Plaintiff invested $100,000 in Aore in exchange for his ownership interest in the Defendants.

17. Defendants admit only that Plaintiff provided an additional $10,000 for costs.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants lack knowledge and information sufficient to either admit or deny the truth of the allegations set forth in Paragraph 19, and therefore Defendants deny the same.

20. In response to the allegations of Paragraph 20, Defendants admit only that Plaintiff Ojha made some credit card purchases, as an investor in and officer of Aore.

21. Defendants deny the allegations in Paragraph 21.

22. In response to the allegations of Paragraph 22, Defendants admit that Plaintiff made some credit card purchases, as an investor in and officer of Aore.

23. Defendants deny all allegations in Paragraph 23.

24. In response to the allegations of Paragraph 24, Defendants admit that Ojha made demands for repayment of monies he invested.   Defendants deny underlying allegations that Defendants are required to repay Ojha as an equity investor upon request and that there are any sums due and owing.

25. Defendants admit that Agodio told Ojha that neither he nor his companies had the money to pay funds as the companies were in a start-up phase. .

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny that any payments are legally owing, but in response to the allegations in Paragraph 27, admit that none have been made.

28. Defendants admit that at some point Plaintiff disassociated himself from Defendants, but deny the allegations in Paragraph 28 as pled.

29.     Defendants deny the allegations in Paragraph 29.

30.     In response to the allegations of Paragraph 30, Defendants deny the allegations but aver that they have stopped using Plaintiff's name in any form.

## **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

31.     Defendants incorporate the responses to other paragraphs as if fully restated herein.

32.     Defendants deny the allegations in Paragraph 32 as to any debt obligation.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37, but admit Ojha was an investor in Defendant Aore.

38.     Defendants agree that they have not paid any such amount to Plaintiff, in response to the allegations in Paragraph 38, as no such payment is due.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 do not require a response.

## **SECOND   CAUSE OF ACTION: FRAUD**

43.     Defendants incorporate the responses to other paragraphs as if fully restated herein.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. The allegations in Paragraph 52 do not require a response.

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The statute of frauds bars at least some of Plaintiff's claims, to the extent Plaintiff seeks monies for one defendant guaranteeing another defendant's debt.

Plaintiff's Complaint does not state a cause of action for fraud, but merely alleges making predictions of future events.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully requests that the Court dismiss the Plaintiff's Verified Complaint as to all Defendants with prejudice.

Dated:   May 28, 2012.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar (DC #415446)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax:   (703) 919-2910
e-mail: gdoumar@doumarmartin.com

Counsel for Defendant Aore Investments, Inc., Aore Real Estate Investments Fund I, LP, and Aore Group I, LLC

## Certificate of Service

5

I hereby certify that on this 28th day of May 2012, I served a copy of the foregoing, via ECF, to the following:

    Patrice A. Sulton, Esq.
    DC Bar # 009606
    601 Pennsylvania Ave., N.W.
    Suite 900 South
    Washington, D.C. 20004
    Telephone: (202) 681-8783
    Email: Patrice.sulton@sultonlaw.com

    Attorney for Plaintiff

    /s/ George R. A. Doumar_____
    George R.A. Doumar
    Doumar Martin, PLLC
    2000 N. 14th Street
    Suite 210
    Arlington, VA 22201
    (703) 243-3737
    Fax:   (703) 919-2910
    E-mail: gdoumar@doumarmartin.com

    Counsel for Defendant Aore Investments,
    Inc., Aore Real Estate Investments Fund
    I, LP, and Aore Group I, LLC